IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ROBERT W. WHITE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 3:12-CV-117 (CAR) |
| | : | |
| GLAXOSMITHKLINE, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION

Before the Court is *pro se* Plaintiff Robert W. Smith's Motion for Reconsideration [Doc. 7] of the Court's Order granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2] and dismissing Plaintiff's Complaint [Doc. 1] without prejudice. Therein, the Court found that although Plaintiff satisfied the requirements to proceed *in forma pauperis*, his claims did not allege a sufficient basis for subject matter jurisdiction. For this reason, Plaintiff's action was dismissed. In the instant Motion, Plaintiff requests that this Court reconsider its previous determination by reiterating his allegations and producing a virtually identical litany of federal laws. Having considered the Motion, it is clear no grounds exist for reconsideration in this case.

Local Rule 7.6 provides that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[1] Indeed, "it is well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly."[2] Accordingly, courts may grant these motions in three limited circumstances: (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice.[3] Most importantly, "[a] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined."[4]

After reviewing Plaintiff's Motion and all the materials cited therein, it is apparent to the Court that Plaintiff merely seeks to reargue the issues the Court has already decided. It is as equally obvious that any additional allegations cited in the Motion were available to Plaintiff at the time he filed his Complaint, and that this information is neither a change in controlling law nor information that would otherwise qualify this Court to reconsider its Order. Accordingly, Plaintiff's Motion for Reconsideration [Doc. 7] is **DENIED**.

---

[1] M.D. Ga. L.R. 7.6
[2] *Krstic v. Princess Cruise Lines, Ltd. (Corp.)*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010).
[3] *Id.*; *see* Fed. R. Civ. P. 59(e).
[4] *Pennamon v. United Bank*, No. 5:09-CV-169 (CAR), 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (quotation omitted).

2

**SO ORDERED,** this 11th day of October, 2012.

<u>S/  C. Ashley Royal</u>
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP